UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BETH P. GESNER
CHIEF UNITED STATES MAGISTRATE JUDGE
MDD_BPGchambers@mdd.uscourts.gov

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4288
(410) 962-3844 FAX

January 11, 2022

Arjun K. Murahari, Esq.
Mignini Raab Demuth & Murahari, LLP
429 S. Main Street
Bel Air, MD 21014

Cassia W. Parson, Esq.
Social Security Administration
Altmeyer Building, Room 617
6401 Security Blvd.
Baltimore, MD 21235

Theodore A. Melanson, Esq.
Mignini Raab Demuth & Murahari, LLP
606 Baltimore Avenue, Suite 100
Towson, MD 21204

Subject:  Sharee M. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration
Civil No.: BPG-20-2985

Dear Counsel:

Pending before this court, by the parties' consent (ECF Nos. 3, 4), are plaintiff's Motion for Summary Judgment ("plaintiff's Motion") (ECF No. 15), defendant's Motion for Summary Judgment ("defendant's Motion") (ECF No. 21), and plaintiff's Response to defendant's Motion for Summary Judgment ("plaintiff's Reply") (ECF No. 22). The undersigned must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. §§ 405(g), 1383(c)(3); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996), superseded by statute, 20 C.F.R. § 416.927(d)(2). I have reviewed the pleadings and the record in this case and find that no hearing is necessary. Loc. R. 105.6. For the reasons noted below, plaintiff's Motion (ECF No. 15) is denied and defendant's Motion (ECF No. 21) is granted.

## I. Background

On July 24, 2017, plaintiff filed a Title II application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income, alleging disability beginning on August 11, 2016. (R. at 217-34). Her claims were initially denied on August 23, 2017 (R. at 131-36), and on reconsideration on March 23, 2018 (R. at 140-45). After a hearing held on October 15, 2019, an Administrative Law Judge ("ALJ") issued a decision on November 8, 2019, denying benefits based on a determination that plaintiff was not disabled. (R. at 12-35). The Appeals Council denied plaintiff's request for review on August 17, 2020, making the ALJ's opinion the final and reviewable decision of the Commissioner. (R. at 1-6). Plaintiff then filed the current suit, challenging the Social Security Administration's decision on the grounds that the ALJ failed to properly evaluate: 1) whether plaintiff's impairments met the requirements of any Listings at step three; and 2) whether plaintiff's fibromyalgia was a medically determinable impairment pursuant to Social Security Ruling ("SSR") 12-2p.

Sharee M. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration
Civil No.: BPG-20-2985
January 11, 2022
Page 2

## II.     Discussion

First, plaintiff argues that the ALJ failed to identify specific evidence to support the finding that plaintiff did not meet the requirements of Listings 1.02, 1.04, 5.06, or 14.07 at step three. Plaintiff summarily states that the ALJ failed to provide this evidence for Listings 1.02, 5.06, and 14.07, and provides a specific argument regarding Listing 1.04A. (ECF No. 15-2 at 9-22). Step three requires the ALJ to determine whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. The Listing of Impairments describes "for each of the major body systems impairments that [the agency considers] to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. § 404.1525(a). Listing 1.04 covers disorders of the spine "resulting in compression of a nerve root or the spinal cord." 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.04. Listing 1.04 also requires the satisfaction of one of three additional requirements identified as Requirements A–C. Id. Requirement A requires "[e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine) . . . ." Id. § 1.04A.

In this case, at step three, the ALJ opined that, while the requirements of Listings 1.02, 1.04, 5.06, and 14.07 were "specifically considered," "[a]s presented in further detail with [plaintiff's] residual functional capacity assessment, the record does not contain clinical findings or test results that meet the level of severity required by any of the musculoskeletal system, digestive system, or immune system disorders listings." (R. at 21). Plaintiff argues that, because there was enough evidence in plaintiff's record for the ALJ to specifically review these Listings, the ALJ must therefore match the evidence in plaintiff's record to these Listing requirements. In support of her argument, plaintiff points to several records which she argues indicate that she meets the requirements of Listing 1.04A. (ECF No. 15-2 at 18-21).

Plaintiff cites to both Radford v. Colvin, 734 F.3d 288 (4th Cir. 2013), and Fox v. Colvin, 632 F. App'x. 750 (4th Cir. 2015) for the proposition that "insufficient legal analysis makes it impossible for a reviewing court to evaluate whether substantial evidence supports the ALJ's findings." Radford, 734 F.3d at 295. In both Radford and Fox, however, the ALJ provided no explanation as to why the plaintiffs in those cases did not meet a specific Listing. Instead, the ALJs in both Radford and Fox stated they had "considered, in particular," specific Listings with no further elaboration. Id. at 292, Fox, 632 F. App'x at 755. The same cannot be said of the ALJ in this case, as there is an indication from the ALJ that more information regarding the identified Listings are "presented in further detail" in plaintiff's RFC. (R. at 21). Specific to Listing 1.04A, the ALJ noted plaintiff's back pain several times in plaintiff's RFC. (R. at 24-27). While plaintiff argues that her diagnoses of cervical radiculopathy and cervical radicular pain could indicate nerve root compression, a requirement of Listing 1.04A, these diagnoses were accompanied by the observation that plaintiff's cervical MRI showed bulging discs "without foraminal stenosis or nerve root involvement." (R. at 357). Accordingly, plaintiff has not provided evidence that she experienced nerve root compression, and therefore failed to meet her burden to demonstrate that

her impairment met or equaled Listing 1.04A or that the ALJ's decision was not supported by substantial evidence. See Kellough v. Heckler, 785 F.2d 1147, 1152 (4th Cir. 1986) ("To be disabled under the Listings . . . [plaintiff] must present evidence that the impairment meets or is medically equivalent to an impairment listed."), Craig, 76 F.3d at 589 ("Under the Social Security Act, we must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard."). Accordingly, remand is not warranted on this issue.

Plaintiff's second argument is that the ALJ failed to properly consider plaintiff's diagnosis of fibromyalgia pursuant to SSR 12-2p. (ECF No. 15-2 at 22-34). SSR 12-2p states the required evidence necessary to establish whether a plaintiff has a medically determinable impairment of fibromyalgia. SSR 12-2p, 2012 WL 3104869, at *1 (July 25, 2012). First, a licensed physician must review a plaintiff's medical history, conduct a physical exam, and diagnose a plaintiff with fibromyalgia. Id. at *2. Next, one of two sets of criteria must be reviewed to establish if a plaintiff's fibromyalgia is a medically determinable condition: 1) the 1990 American College of Rheumatology ("ACR") Criteria for the Classification of Fibromyalgia, or 2) the 2010 ACR Preliminary Diagnostic Criteria. Id. at *2-*3.

Here, the ALJ did not address plaintiff's fibromyalgia except in passing in her RFC, where it was noted that a medication was increased "due to suspected fibromyalgia." (R. at 25). Yet, there does not appear to be a valid fibromyalgia diagnosis in plaintiff's record. "A licensed physician (a medical or osteopathic doctor) is the only acceptable medical source who can provide such evidence. We cannot rely upon the physician's diagnosis alone. The evidence must document that the physician reviewed the person's medical history and conducted a physical exam." SSR 12-2p, 2012 WL 3104869, at *2. Plaintiff argues that Peter Wei, M.D., reported that fibromyalgia was one of plaintiff's current diagnoses. (R. at 838). Dr. Wei noted, however, that plaintiff's symptoms were "likely due to fibromyalgia – but rheumatologic disorders need[] to be ruled out." (R. at 840). Accordingly, Dr. Wei declined to diagnose plaintiff with fibromyalgia. Plaintiff maintains that, following this exam with Dr. Wei, plaintiff underwent extensive testing that showed unremarkable findings, therefore effectively ruling out other disorders that could cause her symptoms. (ECF No. 22 at 8-10). Yet, still missing from plaintiff's record is a fibromyalgia diagnosis by a licensed physician following a review of plaintiff's medical history and a physical exam. Accordingly, plaintiff does not have a valid fibromyalgia diagnosis pursuant to SSR 12-2p and, therefore, remand is not warranted on this issue.

### III.   Conclusion

For the reasons stated above, plaintiff's Motion (ECF No. 15) is DENIED and defendant's Motion (ECF No. 21) is GRANTED.

<u>Sharee M. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration</u>
Civil No.: BPG-20-2985
January 11, 2022
Page 4

      Despite the informal nature of this letter, it will constitute an Order of the court and will be docketed accordingly.

                                                Very truly yours,

                                                /s/
                                          Beth P. Gesner
                                          Chief United States Magistrate Judge