UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BETH P. GESNER
CHIEF UNITED STATES MAGISTRATE JUDGE
MDD_BPGchambers@mdd.uscourts.gov

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4288
(410) 962-3844 FAX

March 21, 2022

Arjun K. Murahari, Esq.
Mignini Raab Demuth & Murahari, LLP
429 S. Main Street
Bel Air, MD 21014

Cassia W. Parson, Esq.
Social Security Administration
Altmeyer Building, Room 617
6401 Security Blvd.
Baltimore, MD 21235

Theodore A. Melanson, Esq.
Mignini Raab Demuth & Murahari, LLP
606 Baltimore Avenue, Suite 100
Towson, MD 21204

Subject:   Sharee M. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration
Civil No.: BPG-20-2985

Dear Counsel:

Currently pending are plaintiff's Motion to Reconsider ("Motion") (ECF No. 24) and defendant's Response to Plaintiff's Motion to Reconsider ("Opposition") (ECF No. 27). I have reviewed the pleadings and the record in this case and find that no hearing is necessary. Loc. R. 105.6. For the reasons noted below, plaintiff's Motion (ECF No. 24) is denied.

## I.   Background

On October 15, 2020, plaintiff petitioned this court to review the ALJ's decision to deny her Title II and Title XVI applications for a period of disability and disability insurance benefits as well as supplemental security income. (ECF No. 1). After full briefing by the parties, the undersigned denied plaintiff's summary judgment motion, granted defendant's summary judgment motion, and affirmed the ALJ's decision pursuant to sentence four of 42 U.S.C. § 405(g). (ECF No. 23). Subsequently, plaintiff filed this Motion.

## II.   Discussion

In her Motion, plaintiff asks the undersigned to reconsider the decision granting summary judgment to defendant on the grounds that the court's "decision contains manifest errors of both law and fact." (ECF No. 24 at 2). The text of Rule 59(e) does not itself provide a standard under which a district court may grant a motion to alter or amend a judgment. The Fourth Circuit has recognized, however, that there are "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pacific Ins. Co. v. American Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (citing authority).

<u>Sharee M. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration</u>
Civil No.: BPG-20-2985
March 21, 2022
Page 2

      Plaintiff relies on the third prong, arguing that the undersigned erred by relying "on <u>post hoc</u> rationale to affirm the ALJ's materially deficient Listing 1.04A analysis." (ECF No. 24 at 2). Step three requires the ALJ to determine whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. The Listing of Impairments describes "for each of the major body systems impairments that [the agency considers] to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. § 404.1525(a). Listing 1.04 covers disorders of the spine "resulting in compression of a nerve root or the spinal cord." 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.04. Listing 1.04 also requires the satisfaction of one of three additional requirements identified as Requirements A–C. <u>Id.</u> Requirement A requires "[e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine) . . . ." <u>Id.</u> § 1.04A.

      Plaintiff argues that her diagnoses of cervical radiculopathy and cervical radicular pain could indicate nerve root compression, a requirement of Listing 1.04A, and that the undersigned improperly stated that plaintiff failed to provide evidence that she experienced nerve root compression because plaintiff's record included cervical MRI imaging which indicated bulging discs "without foraminal stenosis or nerve root involvement." (R. at 357). While plaintiff is correct that imaging is not a requirement to establish nerve root compression for Listing 1.04A, plaintiff offers no argument to counter these MRI findings which indicated no nerve root involvement. "To be disabled under the Listings . . . [plaintiff] must present evidence that the impairment meets or is medically equivalent to an impairment listed." <u>Kellough v. Heckler</u>, 785 F.2d 1147, 1152 (4th Cir. 1986). Plaintiff has failed to present evidence that her impairment meets the requirements of Listing 1.04A because plaintiff's diagnoses of cervical radiculopathy does not effectively counter the MRI findings indicating no nerve root compression.

      Even if plaintiff was able to show nerve root compression, however, there is no evidence of motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss, another requirement of Listing 1.04A. Plaintiff cited to several records showing muscle weakness, but these records do not show the required corresponding sensory or reflex loss. (R. at 354-57, 573, 780, 821-22). Additionally, plaintiff cited to records where plaintiff reported hand numbness or paresthesia,[1] but plaintiff had intact strength and/or sensation on exam. (R. at 709, 840, 1086). Therefore, plaintiff has failed to present evidence of motor loss accompanied by sensory or reflex loss, and is unable to establish an error that necessitates remand. Accordingly, the court is not persuaded that plaintiff's argument offers a basis for altering the court's grant of summary judgment in defendant's favor.

---

[1] "Paresthesia refers to a burning or prickling sensation that is usually felt in the hands, arms, legs, or feet, but can also occur in other parts of the body. The sensation, which happens without warning, is usually painless and described as tingling or numbness, skin crawling, or itching." <u>Paresthesia Information Page</u>, Nat'l Inst. of Neurological Disorders and Stroke (Mar. 27, 2019), https://www.ninds.nih.gov/Disorders/All-Disorders/Paresthesia-Information-Page.

Sharee M. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration
Civil No.: BPG-20-2985
March 21, 2022
Page 3

### III. Conclusion

For the reasons stated above, plaintiff's Motion (ECF No. 24) is DENIED.

Despite the informal nature of this letter, it will constitute an Order of the court and will be docketed accordingly.

Very truly yours,

/s/
Beth P. Gesner
Chief United States Magistrate Judge